UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-12110-RWZ

RICHARD T. LAWRENCE

v.

BEAULIEU GROUP, LLC

MEMORANDUM OF DECISION

July 15, 2011

**ZOBEL, D.J.**

Richard T. Lawrence sues his former employer, Beaulieu Group, LLC ("Beaulieu Group"), for age discrimination and breach of contract arising out of his December 2007 termination. The parties have cross-moved for summary judgment.

**I.     Factual Background**

Lawrence was hired in 1995 by Beaulieu Group, a carpet manufacturer headquartered in Dalton, Georgia, as a territory manager ("TM") to work in the company's sales division in the Greater Boston area. At the time of his hire, Lawrence was 64 years old. He was assigned to sales in Region 1, which encompassed Maine, Massachusetts, Rhode Island, Upstate New York, Vermont, New Hampshire and parts of Connecticut. His primary responsibility consisted of marketing and selling carpet.

Beaulieu Group decided to restructure its sales organization in 2006 and 2007.

It discontinued a national account program and reduced its labor force in late 2007. As part of that reduction in force, Lawrence was terminated on December 4, 2007. He was 77 years old at the time, and now claims that his termination was due to his age in violation of both his contract and state anti-discrimination laws. Beaulieu Group insists that he was an at-will employee terminated due to poor performance.

## II.    Legal Standard

Summary judgment is appropriate only when all of the pleadings and supporting documents, viewed in a light most favorable to the non-moving party, present no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). For summary judgment purposes, "'genuine' means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a 'material fact' is one which might affect the outcome of the suit under the governing law." Buchanan v. Maine, 469 F.3d 158, 166 (1st Cir. 2006) (quoting Seaboard Sur. Co. v. Town of Greenfield, 370 F.3d 215, 218–19 (1st Cir.2004)) (internal quotation marks omitted). "Neither conclusory allegations [nor] improbable inferences are sufficient to defeat summary judgment." Carroll v. Xerox Corp., 294 F.3d 231, 236–37 (1st Cir. 2002) (citation and internal quotation marks omitted).

## III.   Discussion

### A.    Count I: Age Discrimination in Violation of ch. 151B

Plaintiff first claims age discrimination under the Massachusetts Fair Employment Practices Act, which prohibits age-based discrimination against an

employee who is at least 40 years of age.  Mass. Gen. Laws ch. 151B, § 4.[1]  In applying the statute, courts rely on the same analytical framework and substantive law used for claims brought under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and follow the burden-shifting analysis established by the U.S. Supreme Court in McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-805 (1973).  See Windross v. Barton Protective Servs., Inc., 586 F.3d 98, 103 (1st Cir. 2009).  Under that framework, plaintiff bears the burden of establishing a prima facie case of discrimination.  Id.  Assuming plaintiff meets this burden, defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action.  Finally, to prevail, the plaintiff must demonstrate that the employer's legitimate, nondiscriminatory reason was pretext for discrimination.  Id. at 103-104.

Plaintiff has met neither burden.  To satisfy his prima facie burden under ch. 151B, plaintiff must demonstrate the following: (1) he is at least 40 years old; (2) he was performing his job to the employer's legitimate expectations; (3) he was terminated; and (4) there is some evidence that his layoff occurred in circumstances that would

---

[1]The statute provides, in pertinent part:

> It shall be an unlawful practice [f]or an employer in the private sector, by himself or his agent, because of the age of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual, or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

Mass. Gen. Laws ch. 151B, § 4(1B).

raise a reasonable inference of unlawful discrimination. Koster v. Trans World Airlines, Inc., 181 F.3d 24, 30 (1st Cir. 1999); see also Pierson v. Stembridge, No. 07-3858-C, 2010 WL 3037502, *5 (Mass. Super. 2010).

Plaintiff cannot satisfy his prima facie burden. It is agreed that he was of the requisite age and that he was terminated. However, defendant has adduced evidence that his performance was at or near the bottom compared with Beaulieu Group's other employees. Indeed, plaintiff's performance in 2007 was the lowest among territory managers in the Boston area in categories such as total annual sales volume, sales compared to budget, and sales volume compared to prior years. See Docket # 27-3, Decl. of Albert Zumpano ¶¶ 11-13, Ex. 1. He was also at or near the bottom in new accounts added and ability to grow volume in tough business conditions. Id. Plaintiff has offered nothing to contradict these assertions of low performance.

Plaintiff does suggest that defendant's conduct, nevertheless, permits an inference of age discrimination. He points to the following evidence: (1) that his seniority (12 years) was not considered; (2) a regional manager, James Waskin, told him he was "lucky to have a job" in 2006; (3) Zumpano hired two TMs in 2006 who were younger than plaintiff; (4) a younger employee, Joseph Sharkey, assumed plaintiff's job responsibilities after he was terminated; and (5) he was not offered another job when his position was eliminated.

Plaintiff's evidence is insufficient to establish an inference of discrimination. The company is not required to take seniority into account in determining which employees to retain. Without more, there is no evidence that Waskin's statement was in any way

4

related to Lawrence's age. The mere fact that Beaulieu Group retained younger TMs from the Boston area does not support an inference of discrimination. Nationally, Beaulieu Group eliminated 15 employees, all TMs. While plaintiff was the oldest terminated TM, employees under 40 years old represented the age group most affected by the reduction in force. They comprised only 28% of the entire workforce but were 40% of the TMs selected for the reduction in force. Finally, plaintiff cites no law in support of his argument that defendant is required to offer alternate employment to laid off employees. The record simply does not support an inference of age-based animus.

### B. Count II: Breach of Employment Contract

To prevail on a breach of contract claim, a plaintiff must first establish the existence of a binding contract. See Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000). Plaintiff has neither alleged any employment contract nor offered any evidence of such. Nor can the Beaulieu Group employee handbook serve as the foundation for his breach of contract claim. "[O]n proper proof, a personnel manual can be shown to form the basis of an express or implied contract." Id. at 415. In O'Brien v. New England Tel. & Tel. Co., 664 N.E.2d 843 (Mass. 1996), the Massachusetts Supreme Judicial Court clarified the standard by which to determine whether an employment handbook may serve, either expressly or impliedly, as a contract. It concluded that the dispositive question is whether the employee "would reasonably conclude that the employer was presenting the manual as a statement of the conditions under which employment could continue." Id. at 848.

Beaulieu Group's employee handbook clearly states: "This Handbook should not

be construed as creating an 'employee contract' for any specific period of time, or to create other contractual rights of any nature" and that "[a]ll employees are employed 'at-will', which means that they can be terminated at any time." Beaulieu Group Employee Handbook, Docket # 27-4, Decl. of Debby Parsons, Ex. 1, pp. 4 & 8. That language does not permit any conclusion other than that plaintiff was an at-will employee.

Plaintiff next relies on a "verbal understanding" with the company which was sealed with a handshake. Even if there had been such an understanding, it is insufficient to create an employment contract under Massachusetts law. See Webber v. Frelonic Corp., No. 92-1437, 1994 WL 878830, *2 (Mass. Super. 1994) ("The general rule regarding employment contracts in Massachusetts, be they express or implied, is that "where an employment contract ... contains no definite period of employment, it establishes employment at-will ... terminable by either the employee or the employer without notice for almost any reason or for no reason at all.") Plaintiff cannot prevail on his breach of contract claim.

## IV. Conclusion

Defendant's motion for summary judgment (Docket # 27) is ALLOWED. Plaintiff's motion for summary judgment (Docket # 28) is DENIED. Defendant's motion to strike plaintiff's additional rebuttal to defendant's motion for summary judgment (Docket # 37) is DENIED as moot. Plaintiff's motion to enlarge time for its additional rebuttal to defendant's summary judgment motion (Docket # 39) is also DENIED as moot.

Judgment may be entered for defendant.

| July 15, 2011 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |